IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 1:21-cr-00014-07 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| VINCENT CONNER ) | |

## ORDER

Pending before the Court are Defendant's "*Revised* Unopposed Motion . . . to Enlarge Travel Condition of Release" (Doc. No. 446 "Motion") and "Supplement to the Revised Motion to Enlarge Travel." (Doc. No. 451, "Supplement"). Via the Motion, Defendant requests that the Court "enlarge" Special Condition 7(f) of the Order Setting Conditions of Release (Doc. No. 121, "Order of Release") to "permit Mr. Conner to travel with his girlfriend, Alariona Smith, to attend his cousin's wedding in Sarasota, Florida, from Friday, June 23, 2023, to and including Wednesday, June 28, 2023." (Doc. No. 446 at 1). This is the second motion Defendant has filed seeking permission to travel to Sarasota, Florida. (*See* Doc. No. 440). In both motions, Defendant represents that neither the U.S. Probation and Pretrial Services Office nor the Government oppose his request. This lack of opposition and, in the Court's view, the plain language of the Order of Release and subsequent modification thereto, provide a basis for granting the Motion.

On December 13, 2021, Defendant was charged in Count One of an 11-count Indictment with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. (Doc. No. 3). Defendant was arrested on December 28, 2021, and detained until February 3, 2022, when he was released on conditions, one of which restricted

Defendant's travel to "the Middle District of Tennessee unless approved in advance by pretrial services." (Docket Entry 121 at 2, Special Condition 7(f)).[1] This condition, which was presumably crafted with the input of the United States Probation Office,[2] reflects no distinctions between different kinds of out-of-district travel (for example between daytime travel and overnight travel or out-of-state travel and in-state travel); instead, the condition suggests that pretrial services can approve any kind of out-of-district travel (without reference to required Court approval). The Order of Release also subjected Defendant to electronic monitoring and curfew requirements.

In response to Defendant's Motions and Supplement, the United States Probation and Pretrial Services Office raised issue with Special Conditions 7(p) and 7(q), and reported, "[p]er the location monitoring policy, [Pretrial Services] cannot approve overnight travel. If the Court does not approve the motion, [Defendant] would not be able to go. Pretrial does not oppose the travel request but if the Court doesn't approve the motion, there's nothing Pretrial can do to allow him to go." (Doc. No. 451). Special Conditions 7(p) and 7(q) state the following:

7(p): [The defendant must] participate in one of the following location restriction programs and comply with its requirements as directed.

    (i) Curfew. You are restricted to your residence every day (A) from 8:00 p.m. to 5:00 a.m.

7(q): [The defendant must] [s]ubmit to the following location monitoring technology

---

[1] Condition 7(f), which is the condition Defendant seeks to be "enlarged," states, "The defendant must not travel outside the Middle District of Tennessee unless approved in advance by pretrial services, including as necessary for work. Defendant must provide verification of his current employment to Pretrial Services and must provide a work schedule, including out-of-town (or out-of-state) deliveries, in advance, unless some other notification is approved by Pretrial Services within their discretion." (Doc. No. 121 at 2).

[2] The Order of Release reflects that the U.S. Probation and Pretrial Services Office provided input to the Magistrate Judge about release conditions. (Doc. No. 121 at 1, fn. 1).

and comply with its requirements as directed and pay all or part of the cost of location monitoring based upon ability to pay as determined by the pretrial services or supervising officer:

   (i)  Location monitoring technology as directed by the pretrial services officer.

(Doc. No. 121 at 3).

The Court notes that the Order of Release was modified on April 26, 2023, and removed Special Condition 7(p), which imposed a curfew. (Doc. No. 365). Pursuant to this modification, Defendant is no longer restricted by the temporal requirements of curfew but is instead subject to "stand alone location monitoring as directed by the pretrial services officer." (Doc. No. 365 at 2).[3] However, condition 7(q) was *not* modified and thus remains, subjecting Defendant to "stand alone location monitoring as directed by the pretrial services officer." (Doc. No. 365). Presumably, pursuant to condition 7(q), Defendant is required to comply with the location monitoring technology requirements.

All of this is to say, the Court is unclear, and presumably (given that there have been two Motions and a Supplement filed on this issue) the Defendant and his counsel are also unclear, as to what comprises the "requirements of location monitoring technology." Given condition 7(f), which governs travel, it seems unreasonable to conclude that the requirements of location monitoring technology (GPS) could somehow further restrain the travel of Defendant. Rather, it seems reasonable, based on the plain language of the conditions, that the "requirements of

---

[3] Notably, the "Stand Alone Monitoring" condition reflected in 7(p) states as follows, "You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions *as imposed by the Court*. Note: Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology." (Doc. No. 121 at 3) (emphasis added). The Court is satisfied that the location and travel restrictions as imposed by the Court (through its Orders at Doc. Nos. 121 and 365) allow the U.S. Probation and Pretrial Services Office to approve out-of-state travel, and as noted in the Motion, the U.S. Probation and Pretrial Services Office does not oppose Defendant's requested travel.

location monitoring technology" pertain to the specific requirements of the location monitoring technology itself, *e.g.,* the particular location monitoring equipment. However, the U.S. Probation and Pretrial Services Office seems to indicate otherwise, in that it has reported that Defendant is subject to the internal policy of the U.S. Probation and Pretrial Services Office as a condition of his release. (*See* Doc. No. 451).

Thus, in light of the apparent confusion about Defendant's current conditions of release and whether the U.S. Probation and Pretrial Services Office has the authority to approve any overnight travel of the Defendant, the Defendant's Motion is GRANTED.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE